UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MANG Z. SUAN,

    Plaintiff,

    v.      CAUSE NO. 3:21-CV-321-RLM-MGG

BRIAN HOLLIS,

    Defendant.

OPINION AND ORDER

Mang Z. Suan, a prisoner without a lawyer, filed a complaint. ECF 1. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Suan alleges that on January 13, 2021, Mr. Brian Hollis came to the front of Mr. Suan's cell with legal mail. Mr. Hollis opened the legal mail and scanned it, but he didn't give it to Mr. Suan. Mr. Hollis claimed that he forgot the sign off sheet. Mr. Suan asked Mr. Hollis why he opened his legal mail if he didn't have the sign off sheet. Mr. Hollis responded by stating that it wasn't his job to pass the mail out, but

that he would "let very important people know and get you your legal mail later." ECF 1 at 2.

An inmate has a general First Amendment right to send and receive mail, but that right doesn't preclude prison officials from examining the mail to ensure it does not contain contraband. Wolff v. McDonnell, 418 U.S. 539, 576 (1974). An inmate's legal mail is entitled to greater protections because of the potential interference with his right of access to the courts and his right to counsel. Rowe v. Shake, 196 F.3d 778, 782 (7th Cir. 1999). Mr. Suan hasn't identified the nature of the mail at issue here, and he hasn't indicated when he received it. Mr. Suan's complaint doesn't suggest that his right to counsel was infringed in any way. And the one-time opening of his legal mail is insufficient to state a claim for being denied access to the courts, since he doesn't allege a detriment to any specific legal claim. *See* Lewis v. Casey, 518 U.S. 343, 351 (1996); Jones v. Walker, 358 Fed. App'x 708, 712 (7th Cir. 2009) (opening of one piece of inmate's legal mail was insufficient to state constitutional claim where it did not adversely impact his ability to litigate a specific matter). These allegations don't state a claim upon which relief can be granted.

Mr. Hollis also contends that Mr. Hollis did this on purpose because Mr. Suan previously wrote a grievance against Mr. Hollis. To prevail on a First Amendment retaliation claim, Mr. Suan "must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." Gomez

v. Randle, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Mr. Suan alleges no facts suggesting a link between the grievance and the way Mr. Hollis handled Mr. Suan's legal mail on January 13, 2021. Furthermore, the behavior Mr. Suan alleges Mr. Hollis exhibited wouldn't likely deter future First Amendment activity. The court can't grant Mr. Suan leave to proceed on this claim.

This complaint doesn't state a claim for which relief can be granted. Mr. Suan may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, Mr. Suan needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form that is available from his law library. In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Mang Z. Suan until **October 7, 2021**, to file an amended complaint; and

4

(2) CAUTIONS Mang Z. Suan that, if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on September 7, 2021

s/ Robert L. Miller, Jr.<br>
JUDGE<br>
UNITED STATES DISTRICT COURT