UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MANG Z. SUAN,

    Plaintiff,

        v.                   CAUSE NO. 3:21-CV-321-RLM-MGG

BRIAN HOLLIS,

    Defendant.

OPINION AND ORDER

Mang Z. Suan, a prisoner without a lawyer, filed a amended complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Suan's amended complaint alleges essentially the same facts as his original complaint. On January 13, 2021, Mr. Brian Hollis came to the front of Mr. Suan's cell with mail that Mr. Suan characterizes as legal mail. Mr. Suan doesn't describe the nature of the mail except to note that it pertained to a legal claim and that it contained a deadline. Mr. Hollis opened the mail and scanned it, but he didn't give it to Mr. Suan, claiming he forgot the sign off sheet. Mr. Suan asked Mr. Hollis

why he opened his legal mail if he didn't have the sign off sheet. Mr. Hollis told Mr. Suan he would get his legal mail later. Mr. Suan indicates that he never received this piece of mail.[1] Mr. Suan further indicates that he missed a legal deadline, and his claim was dismissed, because he didn't receive this piece of mail.

"Inmates have a First Amendment right both to send and receive mail, but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband." Kaufman v. McCaughtry, 419 F.3d 678, 685 (7th Cir. 2005) (internal citations omitted). That said, an inmate's legal mail is entitled to greater protection than ordinary mail due to the possibility that it might implicate the inmate's right to counsel or right to access the courts. *Id.* at 685–686 (citing Rowe v. Shake, 196 F.3d 778, 782 (7th Cir. 1999)). Correspondence is legal mail if it is "marked with an attorney's name and a warning that the letter is legal mail . . . ." *Id.* at 686. Mr. Suan's amended complaint doesn't identify the sender or the contents of the mail at issue here, but nothing in his amended complaint suggests that it was correspondence from an attorney that would qualify as legal mail or that his right to counsel was infringed in any way. To the extent that the mail was an order from the court, it wasn't legal mail as defined by the court of appeals.

Even if the mail at issue qualified as legal mail, the one-time opening of his legal mail is insufficient to state a claim for being denied access to the courts, in the absence of a detriment to a specific legal claim. *See* Lewis v. Casey, 518 U.S. 343, 351

---

[1] It's unclear how Mr. Suan knows what the mail was or that it contained a deadline if he never got it, but that's what he alleges.

2

(1996); Jones v. Walker, 358 Fed. App'x 708, 712 (7th Cir. 2009) (opening of one piece of inmate's legal mail was insufficient to state constitutional claim where it did not adversely impact his ability to litigate a specific matter). Mr. Suan suggests that the refusal to deliver his legal mail infringed upon his right to access the courts because it resulted in the dismissal of one of his cases, but his allegations are insufficient to state a constitutional claim. Prisoners are entitled to meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts to adjudicate claims that have a reasonable basis in law or fact without undue interference. Snyder v. Nolen, 380 F.3d 279, 291 (7th Cir. 2004). To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions hindered the inmate's efforts to pursue a non-frivolous legal claim, and that actual harm resulted. *See* Lewis v. Casey, 518 U.S. 343, 351 (1996); Nance v. Vieregge, 147 F.3d 591, 590 (7th Cir. 1998). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious [claim] has the right been infringed." Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006) (emphasis in original). Thus, to state a constitutional claim upon which relief can be granted, Mr. Suan must "spell out, in minimal detail" the connection between the denial of access to this piece of legal mail and the resulting prejudice to a potentially meritorious legal claim. *Id.* The amended complaint doesn't identify any non-frivolous civil claim that has been adversely

impacted because Mr. Suan didn't receive a single piece of legal mail on January 13, 2021. Mr. Suan hasn't provided the name of the court where his claim was filed, the case name, or the cause number of the case that was dismissed. He hasn't described his legal claim in that case. He hasn't indicated what kind of deadline was set, when that deadline was set, when the case was dismissed, whether the dismissal was a with prejudice or without prejudice dismissal, or the court's reasoning for dismissing the case. Because his right to access the courts extends only to meritorious claims, without additional details, the court can't make a finding that the claims raised in the dismissed case were sufficiently meritorious to permit him to proceed with this lawsuit. Accordingly, these allegations do not state a claim on which relief can be granted.

Mr. Suan also contends that Mr. Hollis did this on purpose because Mr. Suan previously wrote a grievance against Mr. Hollis. To prevail on a First Amendment retaliation claim, Mr. Suan "must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." Gomez v. Randle, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Mr. Suan's amended complaint, like his original complaint, alleges no facts suggesting a link between the prior grievance and the way Mr. Hollis handled Mr. Suan's legal mail on January 13, 2021. Furthermore, the behavior Mr. Suan alleges

4

Mr. Hollis exhibited wouldn't likely deter future First Amendment activity. Therefore, Mr. Suan won't be granted leave to proceed on this claim.

The amended complaint doesn't state a claim for which relief can be granted. After a review of the amended complaint, it seems unlikely that Mr. Suan can state a claim based on denial of access to the courts, but the court will give him one more opportunity to file an amended complaint if, after reviewing this order, he believes he can state a claim consistent with the events described in his amended complaint. *See* Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible. He should address each deficiency outlined in this order. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Mang Z. Suan until **October 22, 2021**, to file an amended complaint; and

(2) CAUTIONS Mang Z. Suan that, if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

5

SO ORDERED on September 29, 2021

                                                     s/ Robert L. Miller, Jr.
                                                     JUDGE
                                                     UNITED STATES DISTRICT COURT